UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Turelle Motray Henderson Jr. [Class Action]

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

**FILED - GR**
September 30, 2024 2:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: JW / 10-1

v.

KENT COUNTY, "Michelle LaJoye-Young" "Brad Lyons", Lt. "Pavlovic", Srg. "Engstorm", Srg. "Goodson"

**1:24-cv-1027**
**Ray Kent**
**U.S. Magistrate Judge**

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

## COMPLAINT
*(Print Clearly)*

I. **Previous Lawsuits**

   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $405.00 filing fee regardless of whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?    Yes ☑    No ☐

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   _____

   2. Is the action still pending?    Yes ☐    No ☑
      a. If your answer was no, state precisely how the action was resolved: Dismissed For Failure To update My Address

   3. Did you appeal the decision?    Yes ☐    No ☑
   4. Is the appeal still pending?    Yes ☐    No ☑
      a. If not pending, what was the decision on appeal? _____

   5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐   No ☑
      a. If so, explain: _____

I. Previous Lawsuits
1. U.S. District Court of Illinois Northern District.
2. No - 2a. Possibly Dismissed For Failure To Update Address.
3. NO
4. NO
5. NO

1. U.S. District Court of Illinois Northern District.
2. No - 2a. Possibly Dismissed For Failure To Update Address.
3. No
4. No
5. Yes - 5a. Negligence And Deliberate Indifference.

1. U.S. District Court of Illinois Northern District.
2. No - 2a. Possibly Dismissed For Failure To Update Address.
3. No
4. NO
5. No

1. U.S. District Court of Illinois Northern District.
2. No - 2a. Possibly Dismissed For Failure To Update Address.
3. NO
4. NO
5. Yes - 5a. Destruction And/or Lost of Property

1. U.S. District Court of Kentucky Western District.
2. No - 2a. Possibly Dismissed For Failure To Update Address.
3. NO

4. NO
5. NO

## II. Parties

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff **Tyrelle Motray Henderson Jr.**

Place of Present Confinement **Kent County Correctional Facility**

Address **703 Ball Avenue N.E., Grand Rapids, MI, 49503**

Place of Confinement During Events Described in Complaint **Kent County Correctional Facility**

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 **KENT COUNTY**
Position or Title **Municipal Government Entity**
Place of Employment **The County of Kent within The State of Michigan**
Address **County of Kent**
Official and/or personal capacity? **Official/Personal**

Name of Defendant #2 **"Michelle LaJoye-Young"**
Position or Title **Sheriff**
Place of Employment **Kent County Sheriff's Office/County of Kent**
Address **701 Ball Avenue N.E., Grand Rapid, MI, 49503**
Official and/or personal capacity? **Official/Personal**

Name of Defendant #3 **"Brad Lyons"**
Position or Title **Captain - Deputy Sheriff**
Place of Employment **Kent County Sheriff's Office**
Address **701 Ball Avenue N.E., Grand Rapids, MI, 49503**
Official and/or personal capacity? **Official/Personal**

Name of Defendant #4 **"Pavlovic"**
Position or Title **Lieutenant - Deputy Sheriff**
Place of Employment **Kent County Correctional Facility**
Address **703 Ball Avenue N.E., Grand Rapids, MI, 49503**
Official and/or personal capacity? **Official/Personal**

Name of Defendant #5 **"Engstorm"**
Position or Title **Sergeant - Deputy Sheriff**
Place of Employment **Kent County Correctional Facility**
Address **703 Ball Avenue N.E., Grand Rapids, MI, 49503**
Official and/or personal capacity? **Official/Personal**

II. Parties
1. "Goodson"
2. Sergeant - Deputy Sheriff
3. Kent County Correctional Facility
4. 703 Ball Avenue N.E., Grand Rapids, MI, 49503
5. Official/Personal

### III. Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

**Claim #1**   Through The Rules Regarding The Kite & Grievance Process Here At The K.C.C.F Controlled By "Michelle LaJoye-Young", I Reasonably Believe That All Inmate's, Especially Maximum Security Inmate's 1st, 4th, 5th, 6th, 8th, And 14th Amendment Rights Are Consistantly Being Violated By The Sheriff's Approval, Knowingly, And Implicitly. From Experience And Witnessing Numerous Events I've Learned This. For Grievable Concerns That The Housing Deputies Can Not Adequately Address, K.C.C.F. Inmate's Are Encouraged By Rule To Escalate The Issue(s) To The Shift Supervisor Through A Kite System That operates Similar To A Mail System. Contrary To Rule Regarding The Housing Unit Mail Box, Maximum Security And Restrictive Units Do No Have A Mail Box On The Units For Kites To Be Placed In. Inmate's Are Therefore Forced To Follow The Alternate Rule That States " or Give It To The Deputy In Your Housing Unit". Regardless Of The Inmate's Classification Group, If Kites Are Giving To The Housing Unit Deputy's Most Either Not Turn Them In, or Inform The Deputy Of Inmate's Who Are Submitting Complaints About Them. Thereby Infringe on Our Right To Be heard And Protection From Illegal Search & Seizure When They Use The Exhuastion Of Our Remedies To Retaliate Against Us. Through The Kite System And Grievance Sy-System Most Inmate's Suffer Damages From Thereof. I Personally Only Recieve Grievances From The Facility Resulting From Making Reports To An Outside Agency About Civil Rights Violations And Injuries Suffered. (Class Action)

Claim #2

III. Statement of Claims

Based on The Process Regarding K.C.C.F. Rule violations, And Disciplinary Actions Thereof Controlled By Sheriff of KENT COUNTY, "Michelle LaJoye-Young". All Inmate's who Have Been And Will Be Parties To This Process Are Subjected To $5^{th}, 6^{th}, 8^{th}$ And 14th Amendment violations. The Rule violations Are Categorized Between (1) Through (3) And Carry Diffrent Punishments And Procedures By Category. For Category (1) Violations The Complaining Deputy Is Allowed To Also Decide Discipline, And There Is No Appeal Process To Challenge Deputies Allegations. The Disciplinary For The Said violation Allows For Cell Restriction up To (3) Days, Or Skipping Said Process To Send Inmate's Directly To The Disciplinary Restrictive Unit. If Timed In, Most Deputies Use The Full (3) Days And Inmate Are Not Allowed Dayroom Time. Judging From The Inmate Handbook And Experience, I Can Confidently Say I Believe That "Michelle LaJoye-Young" Knowingly Acquiesced, Approved, And Implicitly Authorized The Above-Mentiond Actions. For Category (2) Violations Inmate's Are presented With A Violation Agreement Form With The Option To Sign Agreeing With The Violation, Or To Refuse To Sign And The Form Will Be Forwarded To The Sergeant's To Administer Discipline If Appropriate According To The Inmate Handbook. Inmate's Have A Right To Appeal If They Recieve Their Disciplinary Finding In A Timely Manner Which Is Rare, And They Must Do So Within (24) Hours of Recieving The Finding. The Disciplinary Fo

-4-

r This Said Violation IS (10) Days of Cell Restriction on The Disciplinary Restrictive Unit, And Inmate's can Appeal Using The Kite System Addressing It To The Jail Lieutenant. For Category (3) Violations The Deputy Complaining Has To Prepare An Incident Report That Outlines The Inmate's Role In The Incident. Then, The Inmate is Presented With A Violation Agreement Form That Allows For The Signing To Agree With Discipline, or The Signing To Have A Hearing. Appeal's For Category (3) Violations Are Addressed To Jail Administration And Must Be Submitted Within (72) Hours of The Finding of Discipline IS Recieved. Category (3) violations Are Subject To (15) Days Cell Restriction, And The Restrictions For Category (2) And (3) Take Place Betwee Unit's D1A, D1B, D1C, D1D, And D1F. While on Cell Restriction Inmate's Are Allowed (1) Hour out For Dayroom According To The Inmate Handbook, But The Deputies Consistently Deprive Such Time From Inmate's And only Sometime Allow US To Take A 10-15 Minute Shower. If we kite Or Grieve About Deputies Action's we are subjected To Punishment And/ or Negligence/Deliberate Indifference By Administrative Such As Lieutenant "Pavlovic", And "Brad Lyons." Furthermore, In All The Entire Rule violation Process Appears To Be An unfair Process used Against K.C.C.F Inmate's with Deputy sheriff's Being The Fact Finder's who Have Proven Not To Be Nuetral, And Are Constantly Abusing Discretion. -4-(Class Action)

Claim #3 "Michelle LaJoye-Young" Knowingly Acquiesced, Implicitly Authorized, And Approved of The Discriminatory Acts Against Inmate's Classified As Eligible And Housed on The Administrative Restrictive Unit/Immediate Restrictive Housing According To Rules Of The Inmate Handbook. The Above-Mentioned Class of Inmates Are Confined To Small Space For Their Dayroom Time. It Is Similar To A Cell And Called A Sub-Dayroom Which Is A Closed off Area Despite The Security And Safety Measures Took The Rules Deprive Said Inmate's of A Second Dayroom Like All other General Population Units Are Privileged To have. Deprivation of A Second (2) Hour Dayroom Seems To Be A Punitive Measure By The Sheriff And In No Way Makes Sense To Be A Security Issue when In Fact The Inmate's Are Already Isolated, And There Is Adequate Time Available To Give Said Inmate's A Second Dayroom Like Everyone Else. Judging From My Investigation And Experience, I Believe These Acts Were Organized To Deprive 1st Amendment rights From The Kite & Grievance System. Plus The Purposely left out Information of Silent observer Duties. Inmate's 8th And 14th Amendment Rights Are Also being violated, Causing numerous Emotional And Some Physical Injuries. (Class Action)

Claim #4 Srg."Goodson", Lt."Pavlovic", Srg. "Engstorm", And "Brad Lyons" Throug The Kite And Grievance Process Are purposefully Discriminating Against Self-Repre- -4- se -(next page)

nted Litigant's That Defend Them Selves outside The Jurisdiction of Kent County, Despite The Inmate Handbook Stating Precisely "If you Are Representing Yourself In A Criminal Case And Need Access To The Law Library, you Should Send A Kite To The Administrative Sergeant. This Indicates that Inmates who Are Self-Representing In A Criminal Case have A Specific Process To Request Access To Legal Resources Not Available through The Tablets." Also Being Deprived From All Inmate's who Represent Them Selves outside Kent County Jurisdiction, Inmate's who Represent Them selves on Civil Causes, And All Attorney Assisted Inmate's From Copying Services Which Infringes With our Right To Access To The Courts. In Regards To The Last (2) Classes, Michelle LaJoye-Young Implicitly Authorized, Approved, And Knowingly Acquiesced In Said Acts By The Rule And Policies Proving Thereof. Not Only Has Said Acts Caused Hindering And Infringement To Inmate's Civil And Criminal Causes, But Also Caused Damages To Due Process, Emotional Distress, And, Life, Liberties, And property In violation of The 5th, 8th, And 14th Amendment Rights of The United States Constitution. (Class Action)

Claim #5    In Regards To The Rule And Process of K.C.C.F.'s Classification, It's Clearly Stated In The Inmate Handbook That "The Classification Process Will Be Carried Out Consistently, Fairly, And Justly, Without Discrimination Based

-4-

on Background." Sheriff "Michelle LaJoye-Young" Contradicts This Rule In The Same Paragraph By Implicitly Authorizing, Knowing Acquiesceded, And Approving The Use Of Inmate's Jail Discipline From Previous Stays, And Criminal History As Key Factor's When Making Classification Determination's. Said Factor's Should Be Considered use of Background Which Is A Form Of Discrimination According To The Inmate Handbook. Such An Act Has Caused Numerous Physical Altercations, Emotional Damages, And Violations of Classified Inmate's 5th Amendment Right To Due Process, 8th Amendment Right Against Cruel & Unusual Punishment, And 14th Amendment Rights To Equal Protection of The Laws. (Class Action)

**Claim #6**  Due To "Michelle LaJoye-Young" Allowing Practices And Customs Because of Deputies Laziness, And Lack of Investagative Measures, Numerous Emotional & Physical Events Have Resulted From The Deprivation's Of Radios, Batteries, Headphones, Recreation Space, Recreaction Equipment, Remotes, Sleep, And Distribution of Tissue In A Sanitary Manner. These Deprivations Are Classified Against Maximum Security Inmate's, Even Inmate's Tablet Distribution Is Deprived At Times Due To Laziness of Most Deputies, Discrimination of Some Deputies, And As Punishment For one or a Few Inmate's Actions Directed To All Maximum Security Inmate's. Such Acts By Kent County Sheriff "LaJoye-Young" Has Caused Numerous 4th Amendment seizures, 5th of Due Process, 8th of Cruel & Unusual Punish-

-4-

ment's, And 14th Amendment Right's To Life, Liberty, Property, And Equal Protection of The Laws. (Class Action)

Claim #7   Despite The Incident's That Have Took Place Here At The Jail, My Exhuastion of Aministrative Remedies, other Inmate's Exhuastion of Remedies Before, Presently, And After Me, And Two Letter's That I Personally wrote And Mailed out Through The U.S. Postal Service In The Month of September Address The Sheriff And Undersheriff For one Letter, And The Second Addressed To The Sheriff Only, But Both Mailed To 701 Ball Avenue N.E., Grand Rapids, MI, 49503. The Sheriff Has yet To Act, And Her Deputies Continue To Show Deliberate Indifference And Patterns of Acts As If "Michelle LaJoye-Young" Neglected To Or Failed To Properly Train Her Subordinates In violation of The Laws. Such Acts Has Encouraged Numerous Deputies To Commit Malfeasance, And Abuse The Power They Have. (Class Action)

-4-

## IV. Relief.

Allow Physical Access To The Law Library For All Litigants Who Represent Themselves In Criminal Actions, And Allow Copy Services For All K.C.C.F. Inmates. Provide Adequate Amounts Of Tablets, And Abolish The Rule Giving The Discretion Of Tablet Distribution To Housing Unit Deputies In Exchange For The Drafting And Enforcement Of A New Policy With A Set Time For Distribution And Collection Of Tablets Corresponding with Tablet Access Hours. Abolish The Unfair Maximum Securing Customs Of Deprivations, And Give A.R.U./I.R.H. Inmates Two Dayrooms like All other Populations In The Facility. Also, Include A Definition In The Inmate Handbook Informing Inmates what constitutes Being A Threat To The General Population And Facility. Add The Name "Crime Stoppers" As Being The Name Also Known As "Silent Observer" To The Inmate Handbook With A Complete Discription of All Jail Misconduct That Is Eligible To Be Reported. Lastly, To Deter Misconduct Of Present And Future Deputies We are Requesting For The Raise, Promotion, or Both To Be Offered To Deputy(s) "Holford", "Haynes", "Congleton", And "Groum".

-5-

## IV. Relief

State briefly and precisely what you want the court to do for you.

Award Reasonable Compentsatory, Consequential, And Nominal Monetary Relief For All Inmate's Who suffered Damages or Injuries Due To The Kite, Grievance, Disciplinary, And Classification Processes Who Can Prove Such Claims. Award Punitive Damage Relief Against Deputy Sheriff's Who Wrongfully Abused The Aforesaid processes. Update Or Change The Processes In The Interest Of The Inmate's Rights, Privileges, And Immunities For Equal Protections. [Continued On The Next Page]

## V. Notice to Plaintiff Regarding Consent

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☑ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☐ I request that this case be assigned to a district judge.

9-14-24
**Date**

*Tyrelle Henderson Jr*
**Signature of Plaintiff**

### NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

Tyrelle M. Henderson Jr.    ID#
Kent County Correctional Fa
703 Ball Avenue N.E.,
Grand Rapids, MI, 4950

OFFice
United
399 Fe
110 M
Grand

This mail originates
from the
Kent County Correctional Facility

